**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-5019**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MAURICE SYLVESTER BAILEY, a/k/a "Big Mo",

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:12-cr-00145-NCT-1)

─────────────

Submitted: May 24, 2013          Decided: June 6, 2013

─────────────

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Dhamian A. Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant. Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Sylvester Bailey pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute 35.2 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court sentenced Bailey to 108 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the validity of Bailey's guilty plea, whether the search of Bailey's residence violated the Fourth Amendment, whether the district court abused its discretion by imposing an unreasonable sentence, and whether Bailey's trial counsel was ineffective. Bailey's pro se supplemental brief raises a number of Fourth, Fifth, and Sixth Amendment claims. The Government declined to file a responsive brief. Following a careful review of the record, we affirm.

Because Bailey did not move in the district court to withdraw his guilty plea, we review the Federal Rule of Criminal Procedure 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Bailey must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially

2

complied with Rule 11's requirements, ensuring that Bailey's plea was knowing and voluntary.

Counsel also questions whether Bailey's Fourth Amendment rights were violated in the course of the search of his residence. Because Bailey entered an unconditional guilty plea, this claim is waived. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). The right to challenge on appeal a Fourth Amendment issue is a nonjurisdictional defense and thus is forfeited by an unconditional guilty plea. Haring v. Prosise, 462 U.S. 306, 320 (1983).

We review Bailey's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained

3

the selected sentence. <u>Lynn</u>, 592 F.3d at 575-76; <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." <u>Gall</u>, 552 U.S. at 51; <u>Lynn</u>, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. <u>United States v. Mendoza-Mendoza</u>, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

The district court correctly calculated and considered the advisory Guidelines range, and heard argument from counsel and allocution from Bailey. The court considered the § 3553(a) factors and explained that the within-Guidelines sentence was warranted in light of Bailey's criminal history and continued drug activity. Further, neither counsel nor Bailey offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 108 months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Bailey.

Counsel also questions whether Bailey received ineffective assistance of trial counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). The record does not conclusively establish that trial counsel rendered ineffective assistance to Bailey. Bailey must therefore bring his allegation of ineffective assistance of counsel in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion, should he wish to pursue such a claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Bailey's pro se supplemental brief raises a number of constitutional claims relating to the officers' search of his residence and statements he made to law enforcement officers. However, as noted above, Bailey waived these claims upon knowingly and voluntarily entering an unconditional guilty plea.

Finally, Bailey's pro se supplemental brief challenges the district court's reliance on facts outside of the indictment to enhance his sentence based on drug quantity. Because Bailey was not sentenced above the applicable statutory maximum, Bailey's constitutional challenge to the trial court's fact-finding is without merit. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts

5

relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict."); United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010) (sentencing court is not "bound by the evidence presented at trial when determining drug quantity or other relevant conduct").

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Bailey, in writing, of the right to petition the Supreme Court of the United States for further review. If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bailey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED